# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## NELSON v. HAMNER.

MAY 10th, 1888.

Absent, Richardson, J.

EQUITABLE JURISDICTION AND RELIEF—*Remedy at law.*—It is no ground for relief in equity that plaintiff sold goods to infant children, and by mistake charged them to their deceased father's estate, and that his debtors kept him from suing them by their repeated promises to pay, until his claim was barred by the statute of limitations, his remedy being at law.

Appeal from decree of circuit court of Pittsylvania county, rendered December 4th, 1885, in the chancery cause wherein Frank Nelson, receiver, was complainant, and Thomas F. Hamner and others were defendants. The defendants demurred to the bill and pleaded the statute of limitations to which plea the complainant replied specially. Upon hearing, the court dismissed the bill at the complainant's costs, and he appealed to this court. Opinion states the case.

*A. H. Burroughs,* for the appellant.

1. A court of equity has jurisdiction of infants' estates. Such court has immediate guardianship of the estate of infants in litigation. See Adams' Eq., 564; note 1; Walker's Chancery Rep. (Mich.), 314; 22 Barb. (N. Y.), 178; Story's Eq., sec. 1351; Bispham's Eq., 582; note 2.

2. The account on the books of Pannill stood in the name of

Thomas Hamner's estate. Pannill was dead, and this mistake could not be corrected except in a court of chancery, and it is the peculiar province of a court of chancery to relieve against just such mistakes. IV. Minor's Inst., part 2., p. 1105; Story's Eq. Jur., sec., 885; Bispham's Eq., 244.

3. There must be a plain, adequate, and complete remedy at law, or equity will take cognizance. Bispham's Eq., sec. 37; Story's Eq., sec. 33; 6 Munford, 313; Barton's Chan. Prac., 70; 5 Leigh, 125.

(a) Could not bring suit against Thomas F. Hamner's personal representative because no debt of administration.

(b) No suit at law could be maintained against the defendants because assumpsit as to several defendants requires assumpsit as to all. 15 Wend., 64; 2 Rand., 478.

(c) Could not recover at law on ground of assumpsit by agency because appointment of agent *void* by infants. 15 Gratt., 337.

The appellant submits that his only complete and adequate remedy was in equity. He had no remedy at law.

The plea of the statute of limitations is not good for the following reasons:

1st. Bill alleges, and it is not denied either by answer or plea, that the account was to be paid when the crop of each year should be disposed of. It is for the defendants to show when said crop was disposed of, and that it was more than two years from the time of such disposal until suit was brought. *E contra* it might have been within the two years, and this is a reasonable position. The account was made in 1880. Suit was brought in 1884. The crop raised in 1880 could not be sold before 1881, and it is very reasonable to suppose that it was not sold until 1882, and at such a time as to bring us within the statute. And it is not in accordance with the usages of courts of equity to presume a thing to be done which is not shown to be done when the effect and purpose of that assumption is to aid an immoral defence. The cause of action did not

arise until the sale of the crop.   If before this time the plaintiff had sued he would have been met with the answer, "Your contract was to wait for your money until we had sold our crop, and your money is not due until then." Now the appellant comes into court and asks for his money, and is answered, two years have elapsed since the cause of action has arisen.   Now, the appellant submits that they must clearly show to the court that the crop has been sold, and that, too, two years before the institution of this suit.

"Under a contract for work and labor to be paid for after the death of the employer, the statute of limitations will not commence to run until after the occurrence of that event." *Riddle* v. *Backus*, 38 Iowa, 81; *Titman* v. *Titman*, 64 Penn. St., 480; *Nimmo* v. *Walker*, 14 La. Ann., 581.

2d. The appellant was prevented from bringing his suit both by direct and indirect means.

"When any such right as is mentioned in this chapter shall accrue against a person who has before resided in this State, if such person shall by departing without the same, or by absconding or concealing himself, *or by any other indirect ways or means*, obstruct the prosecution of such right, the time that such obstruction may have continued shall not be computed as any part of the time within which the said right might or ought to have been prosecuted."   Code, c. 146, sec. 20.

It appears from the record that the appellant was prevented from bringing suit by the repeated promises of the defendants that they would pay it, if given a little time, from the proceeds of the farm owned by them all in common, and induced him not to bring suit and sell the land, but to give them one year. These facts, clearly stated in the bill and not denied, and proved, show that the defendants have clearly prevented the bringing of this suit, and that the appellant is clearly saved by the statute referred to above.

This is conclusive as to Lucy Hamner, and the court erred in not giving judgment as to Lucy Hamner.

*B. B. Munford,* for the appellees.

LACY, J., delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Pittsylvania county, rendered at the November term, 1885. The suit was by bill in chancery against the defendants, some of whom are infants, to collect a store account of $415 12, of August 31, 1880, alleged to be due on account of purchases at the store of Morton Pannill, a merchant who has failed and assigned, from 1877 to 1880. The suit was brought on the 6th of October, 1884. The complainant alleges that, at the time of the death of the elder Hamner, he agreed to credit his eight surviving children for goods at his store, six being infants, and charged the same to the estate of the father, Thomas F. Hamner; that the children constantly promised to pay him, and did not do it; and that, although the bar of the statute of limitations of two years has been interposed by plea, he has been so often promised, and so hindered in getting payment, that the statute does not apply, and that equity has jurisdiction to correct the mistake he has made of charging the goods to Thomas F. Hamner's estate, and should then give him a decree against his real debtors. The bill being demurred to, and the limitations of two years pleaded, the circuit court dismissed the bill. We think this was plainly right. The claim does not come within the jurisdiction of a court of equity; the remedy being plain and adequate at law, so far as the form goes. But, upon the merits, the latest item in the account is plainly and clearly within the bar of the statute, and it was right to dismiss the bill. The decree complained of will therefore be affirmed.

DECREE AFFIRMED.